UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| FRANKIE LINDSAY,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:25-CV-621 |

**MEMORANDUM OPINION AND ORDER**

On December 24, 2025, Plaintiff Frankie Lindsay ("Claimant") brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security. [Doc. 1]. Upon consent of the parties pursuant to 28 U.S.C. § 636(c), this Court has jurisdiction over this matter through entry of final judgment. [Doc. 23].

## I. APPLICABLE LAW – STANDARD OF REVIEW

A review of the Commissioner's findings is narrow. The Court is confined to determining (1) whether substantial evidence supported the factual findings of the ALJ and (2) whether the Commissioner conformed to the relevant legal standards. 42 U.S.C. § 405(g); *see Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir. 1989); *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 224–25 (6th Cir. 2019). "Substantial evidence" is evidence that is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support the challenged conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389 (6th Cir. 1999). It must be enough to justify, if the trial

were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn is one of fact. *Sito v. Comm'r of Soc. Sec.*, 229 F. Supp. 3d 633, 638 (N.D. Ohio 2017) (citing *LeMaster v. Sec'y of Health & Human Servs.,* 802 F.2d 839, 841 (6th Cir. 1986)). A court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). Even if a court were inclined to resolve factual issues differently, the decision must stand if substantial evidence supports it. *Listenbee v. Sec'y of Health & Human Services,* 846 F.2d 345, 349 (6th Cir. 1988). At the same time, a decision supported by substantial evidence "will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007).

A claimant must be under a "disability" as defined by the Act to be eligible for benefits. "Disability" includes physical and mental impairments that are "medically determinable" and so severe as to prevent the claimant from (1) performing her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. 42 U.S.C. § 423(a). A five-step sequential evaluation applies in disability determinations. 20 C.F.R. § 404.1520. Review ends with a dispositive finding at any step. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

A claimant bears the burden of establishing benefits entitlement by proving the existence of a disability. *See Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *Rineholt v. Astrue*, 617 F. Supp. 3d 733, 742 (E.D. Tenn. 2009). If a claimant meets that burden in steps one through four of the analysis, at step five, the burden shifts to the Commissioner to establish a claimant's ability to work. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990). In

conducting its review of the ALJ's decision, the Court may consider any evidence contained in the record regardless of whether it was cited by the ALJ. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d. 528, 535 (6th Cir. 2001).

## II. PROCEDURAL AND FACTUAL OVERVIEW

Claimant filed her Brief in Support [Doc. 18] on May 22, 2026, in which she asserts that the Administrative Law Judge ("ALJ") erred by (1) failing to explain how the supportability and consistency factors were considered in determining the persuasiveness of Dr. Timothy Smith's medical opinion and (2) failing to account for the persuasive prior administrative medical findings of the state agency psychological consultants in formulating Claimant's residual functional capacity ("RFC") without explaining why he chose not to include them. [Doc. 18, pp. 5, 9]. More specifically, Claimant argues that the ALJ erred in finding that Dr. Smith's opinion that Claimant was only capable of low stress jobs had "no substantial persuasive effect" because it was "not consistent with the treatment evidence." *Id.* at 6–7. She further asserts that the ALJ erred because he failed to properly consider the medical records generated by Dr. Smith which supported the doctor's opinion that Claimant would require frequent breaks and had significant physical restrictions and contends that the ALJ's reasons for finding that Dr. Smith's opinion was internally inconsistent are conclusory and illogical. *Id.* at 7-8. Addressing the issue of purported inconsistencies in more detail, Claimant alleges that Dr. Smith's opinion that Claimant could sit but could not stoop was not internally inconsistent because stooping is not required to sit, and that it likewise was not inconsistent for Dr. Smith to opine that Claimant could stand or walk two hours during a workday but was unable to walk the distance of a city block without pain. *Id.*

As to the prior administrative medical findings, Claimant points out that both reviewers opined that she had mild limitations in all four paragraph B areas of psychological functioning, and

the ALJ found those opinions persuasive. *Id.* at 10. At the same time, the ALJ failed to include any mental limitations in Claimant's RFC to account for these limitations or to explain why no limitations were included. *Id.* Claimant contends that the failure to include mental limitations or say why he was not doing so leaves the reviewing court without the ability to assess whether the ALJ properly failed to assign Claimant mental limitations as part of her RFC. *Id.*

On June 9, 2026, the Commissioner filed a Response [Doc. 21], arguing that substantial evidence supported the ALJ's opinion and that the ALJ met his obligations under applicable law. The Commissioner contends that the ALJ properly evaluated Dr. Smith's medical opinion in assessing Claimant's RFC, *Id.* at 4, and properly considered the prior administrative medical findings of the state agency psychological consultants regarding mild mental limitations in assessing Claimant's RFC. *Id.* at 12. Regarding Dr. Smith's medical opinion, the Commissioner asserts that the ALJ need not use the words "supportability" or "consistency" in his opinion, so long as the decision, when viewed as a whole, demonstrates that he considered these factors. *Id.* at 5. In determining consistency, the ALJ considered the treatment record regarding Claimant's alleged cardiac impairments in detail, including citing evidence which the Commissioner says reflects a gap in care and largely normal cardiac function. *Id.* at 8. The ALJ also considered the prior administrative medical findings, with those providers finding that Claimant was capable of a range of light work, but with them ultimately opining that she should be restricted to sedentary, unskilled work based on her impairments. *Id.* at 8–9. Further, the ALJ considered Plaintiff's reported activities of daily living, which partially conflicted with the opinion of Dr. Smith. *Id.* at 9. In determining supportability, the ALJ noted that neither Dr. Smith nor Claimant provided any objective medical findings to support the very restrictive physical limitations that Dr. Smith assigned to Claimant. *Id.* 9–10. The ALJ also identified the internal inconsistencies in the opinion,

including pointing out that Dr. Smith noted that Claimant's prognosis was fair, but still opined that she could not even walk a city block without pain, that Claimant would never be able to stoop but could sit for two hours, and Claimant needed to elevate her legs for two hours but could stand/walk for two hours in an eight-hour day. *Id.* at 10–11.

Regarding consideration of the prior administrative medical findings, the Commissioner argues that the ALJ found Claimant had, at most, mild limitations in the four functional areas using the psychiatric review technique, which included discussing Claimant's statements in her functional report, the largely normal findings from Claimant's consultative psychological examination, and her recent treatment notes. *Id.* at 12. The Commissioner contends that the ALJ's discussion of this evidence was sufficient to demonstrate why he found it unnecessary to include any mental limitations when formulating Claimant's RFC. *Id.* at 13. The Commissioner further points to the ALJ's statement in his decision that he had considered Claimant's mild limitations which he addressed at step two, as well as her complaints of mental impairments, in formulating Claimant's RFC. *Id.* at 14–15.

On June 17, 2026, Claimant filed a Reply [Doc. 27], reasserting and building on the arguments included in her opening brief. Claimant asserts that there has been no gap in her treatment, advising that she has a thirteen-year history of monthly treatment with Dr. Smith. *Id.* at 1. She further contends that this treatment history supplies the necessary objective evidence to support Dr. Smith's opinion as to her physical limitations. Regarding the internal consistency of Dr. Smith's opinion, Claimant states that: (1) SSR 83-14 defines stooping as "bending the body downward and forward by bending the spine at the waist" which is consistent with being able to sit; (2) the ALJ misrepresented Dr. Smith's opinion that Claimant could not walk a city block "without rest or severe pain" by omitting "or rest" from the sentence in evaluating the opinion's consistency;

and (3) the ALJ never said he considered Claimant's activities of daily living when finding Dr. Smith's opinion to be internally inconsistent. *Id.* at 2–3. While Claimant acknowledges that the ALJ had discussed certain evidence earlier in his decision, she says that he did not do so in the context of discounting Dr. Smith's opinions but instead addressed them in conjunction evaluating the opinion of a psychological evaluator. *Id.* at 3. The Claimant also argues that the ALJ failed to account for the persuasive prior administrative medical findings in the RFC because a bare statement by the ALJ that the RFC "reflects" mild limitations in four domains, while imposing none, supplies no reasoning a court can review. *Id.* at 5. Claimant insists that because the psychological consultants themselves assessed no mental RFC limitations, it was incumbent upon the ALJ to state why he found it unnecessary to assign any mental limitations despite Claimant having been assigned mild limitations in all four spheres. *Id.* at 6. She says this is especially true because a prior ALJ had found her to have mild-to-moderate concentration loss, as did a consultative examiner, and the VE opined that no work existed for someone who is able to sustain attention only in one-hour blocks with ten-minute breaks. [Doc. 27, p. 6].

The Court will now address the issues raised by Claimant in the context of the parties' filings and the record in this matter. The Court initially set this matter for oral argument, but the parties asked the Court to waive argument, and the Court granted their request; however, the Court advised the parties that it would still hold a hearing on November 10, 2026, to announce its oral ruling from the bench. [Docs. 26, 29, 31].

## III. ANALYSIS

As noted above, the issues for review here are whether the ALJ erred by (1) failing to explain how the supportability and consistency factors were considered in determining the persuasiveness of Dr. Timothy Smith's medical opinion and (2) failing to incorporate mental work limitations when formulating Claimant's RFC in light of the persuasive prior administrative medical findings of the state agency psychological consultants or to explain why he found it unnecessary. [Doc. 18, pp. 5, 9].

In reviewing how the ALJ addressed Dr. Smith's opinion, the Court initially notes that Dr. Smith used a check-the-box form to provide it. *See Gladson v. Saul*, No. 6:20-064-DCR, 2020 WL 6689196, at *7 (E.D. Ky. Nov. 12, 2020) (quoting *Hernandez v. Comm'r of Soc. Sec*., 644 F. App'x 468, 473 (6th Cir. 2016)) (internal quotation omitted) (observing that an ALJ is entitled to discount medical evidence presented in this type of form as it is considered "weak evidence at best."). While Dr. Smith makes a general reference in this form to the medical records that he has generated for Claimant and to a note from her cardiologist contained within his records, he does not provide any citation in his opinion to objective evidence contained in the record. While issuing its oral ruling, the Court pointed to multiple inconsistencies between Dr. Smith's opinion and that of Claimant's cardiologist. Further, the Court noted important and significant inconsistencies between Dr. Smith's opinion and Claimant's own statements and hearing testimony. While agreeing with Claimant that certain of the ALJ's observations regarding Dr. Smith's opinion were inaccurate, ultimately the Court found that even when excising those conclusions from the ALJ's opinion, substantial evidence supported the ALJ's decision to reject the very strict limitations imposed by Dr. Smith on Claimant's ability to perform work, and his conclusion that Claimant retained the physical ability to perform sedentary work. The Court further determined that, when viewing the

ALJ's opinion as a whole, he adequately addressed the supportability and consistency of Dr. Smith's opinion. *See Wright v. Massanari*, 321 F.3d 611, 614–15 (6th Cir. 2003) (holding that the Court must affirm an ALJ's decision if it is supported by substantial evidence and applied the correct legal standards even if reasonable minds could disagree on whether the individual is disabled or substantial evidence could also support a contrary result); *Garland v. Ming Dai*, 593 U.S. 357, 369 (2021) ("[A] reviewing court must uphold even a decision of less than ideal clarity if the agency's path may reasonably be discerned."); *Chad T. v. Comm'r of Soc. Sec. Admin.*, No. 3:21-CV-00052, 2022 WL 4355001, at *8 (S.D. Ohio Sept. 20, 2022) ("[T]he regulations that require ALJs to explain their analysis of the supportability and consistency factors do not require those explanations to contain a specific level of detail. . . [Instead,] the appropriate level of articulation will necessarily depend on the unique circumstances of each claim.") (internal quotation omitted). Finally, the Court found that Claimant had not pointed to evidence in the record sufficient to undermine the ALJ's conclusions as to Claimant's ability to perform physical work.

In addressing the ALJ's treatment of Claimant's psychological symptoms, the Court first observed that while the ALJ did not include psychological limitations for Claimant in the RFC included in his opinion, he did refer later in his opinion to only unskilled work for Claimant. (Tr. 47). Further, all jobs which the VE opined during the hearing that were available to Claimant were unskilled. *Id.* The Court then turned to considering whether the ALJ otherwise built a logical bridge between the record evidence and his decision not to include any specific mental work limitations in Claimant's RFC.

In considering Claimant's mental functioning, while he acknowledged that the psychological consultant had found Claimant to have mild to moderate limitations in concentration, and as much as moderate limitations in interacting with others and adapting to

change, he did not find that opinion to be fully persuasive given that Claimant had not been referred for any specialist treatment and had obtained only minimal mental health treatment from any provider at the time of the consultative psychological exam. (Tr. 38-39). The ALJ further observed that Claimant's recent medical records indicated that she was experiencing no active depression, anxiety or fatigue, and that there was repeated denial of psychological symptoms throughout her medical records. *Id.* Additionally, where Claimant's depression, anxiety and insomnia were referenced, they were noted to be stable and well-managed with mental health medication. *Id.* The ALJ supported these conclusions with specific citations to the record. (Tr. 38–39). Further, the ALJ pointed out how Claimant herself had reported being able to follow instructions and get along with authority figures well and stated that she was "fair" at handling changes in both routine and stressful situations, although he did acknowledge that she later reported more significant challenges. *Id.* Given these findings and that the jobs which the VE opined Claimant could perform are all unskilled, the Court cannot find that the ALJ erred in failing to incorporate any further restrictions as to Claimant's mental ability to perform work into her RFC. *See Kestel v. Comm'r of Soc. Sec.*, 756 F. App'x 593, 599-600 (6th Cir. 2018) (employing a fact-specific inquiry to determine whether substantial evidence supported the ALJ's conclusion that the claimant had no mental RFC restrictions despite the presence of mildly limiting mental impairments); *see also Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851–52 (6th Cir. 2020) (observing that "[d]istrict courts in this circuit have held that an ALJ need not specifically discuss all nonsevere impairments in the residual-functional-capacity assessment when the ALJ makes clear that her decision is controlled by SSR 96-8p.").

While a specific statement to the effect that the ALJ found no reason to provide mental work restrictions and a marshalling of the facts in support immediately following his discussion

of Claimant's mental abilities would have been helpful, the Court finds that the ALJ did later provide an adequate marshalling of the facts that he had addressed earlier in his decision as to Claimant's mental health functioning to meet his articulation requirements. In reaching this conclusion, the Court is relying primarily on the following marshalling of the facts provided by the ALJ in addition to his thorough treatment of Claimant's mental health conditions earlier in his opinion:

> Based on the foregoing, the undersigned finds the claimant has the above residual functional capacity assessment, which is supported by the effectiveness of the claimant's treatment, activities of daily living inconsistent with the claimant's assertions, the diagnostic testing with modest findings, the successful surgical interventions, the admission by the claimant of the infrequency of her required nitroglycerine use, the inconsistent symptoms in the record in comparison to the claimant's reported limitations, the opinion of the state agency physician at the time his opinions were offered although largely not adopted currently, and the opinion of the state agency psychologist.

(Tr. 40). As with her physical health issues, Claimant has not been able to point to any medical evidence of record which would undermine the determination by the ALJ that the psychological opinion evidence was only partially supported by and consistent with the record evidence, including Claimant's own symptom reports nor that she has limitations beyond being limited to the unskilled positions that the VE opined she could perform. Although it is readily apparent that Claimant suffers from very significant health challenges, the Court finds that the ALJ properly found those challenges were well managed through medication and treatment and properly considered them in formulating Claimant's limitations.

## IV. CONCLUSION

For the reasons detailed above, the Court has determined that substantial evidence supported the ALJ's decision and that he conformed to the relevant legal standards. More specifically, the ALJ properly evaluated the opinion of Dr. Smith and properly considered the prior administrative medical findings of the state agency psychological consultants in assessing Claimant's RFC. Accordingly, the Court **DENIES** the relief requested in Claimant's Complaint, Brief, and Reply Brief [Docs. 1, 18, 27] and **AFFIRMS** the final decision of the agency. 42 U.S.C. § 405(g); *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge